UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LINDA HALL, ET AL.** | **MISC. NO.: 5:21-MC-0051** |
| **VERSUS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **FORD MOTOR CO., ET AL.** | |

**MEMORANDUM ORDER**

Pending before the court is a Petition for Perpetuation of Testimony of Custodian of Vehicle Under Federal Rule of Civil Procedure 27 [Doc. No. 1]. Petitioners Linda Hall and Michel Hall, domiciliaries of Logansport, Louisiana, allege that Mr. Hall was seriously injured in an automobile accident in Panola County, Texas, on March 25, 2021. At the time the accident occurred, Mr. Hall was driving a Silver 2011 Ford Ranger Super Cab pickup truck, VIN No. 1FTKR1ED2BPA56628.

Based on an "initial investigation into the collision," Petitioners contend that they "have reason to believe that Michel Hall's injuries may have been caused by a defect in the [truck.]" *Id.* After the accident, the truck allegedly came into the possession of State Farm Mutual Automobile Insurance Company ("State Farm"). Ms. Hall and her counsel "repeatedly informed" State Farm verbally and in writing that State Farm "must preserve the vehicle for inspection." *Id.*

Petitioners then retained an expert to perform a vehicle download, informed State Farm of this fact, and scheduled a date for the expert to perform the vehicle download. Petitioners contend that their counsel spoke with a representative of the lot where the vehicle was being kept

by State Farm and confirmed that the vehicle was still present.  However, the following day, when Petitioners' expert arrived, the expert was allegedly informed that the vehicle was no longer present because it had been sold to a third party.

Although Petitioners' counsel alleges that he has repeatedly called State Farm to inquire about the whereabouts of the vehicle, he alleges that he has received no response.  By searching the truck's VIN number, counsel alleges that he has determined that title to the vehicle is now held by Maria Mendez in Schulenburg, Texas.  Petitioners have attempted to contact Ms. Mendez to no avail.  Petitioners raise a particular concern that Ms. Mendez holds a dealer title and will transfer the truck again soon.

Petitioners contend that this court is an appropriate venue under Rule 27 because that rule allows an action to perpetuate testimony to be brought in the "the district where any expected adverse party resides."  They further contend that Ford Motor Company is an expected adverse party, and Ford Motor Company is a resident of this district for venue purposes under 28 U.S.C. §1391(c), because it is subject to personal jurisdiction in this district. With regard to other potential defendants, Petitioners admit they are unknown and thus the district of their residence cannot be determined.

Rule 27(a) creates a "separate ancillary or auxiliary proceeding" to perpetuate testimony for use in an expected action cognizable in federal court. S*hore v. Acands, Inc.,* 644 F.2d 386, 389 (5th Cir. 1981).  In order to seek relief under Rule 27, a petitioner must file a "verified petition" in district court "where any expected adverse party resides."  FED. R. CIV. P. 27(a).  In addition to being titled in the petitioner(s)' name(s), the petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;

    (C)    the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

    (D)    the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

    (E)    the name, address, and expected substance of the testimony of each deponent.

*Id.* Subsection (a)(2) requires notice to the potential adverse parties and service of the petition upon them. *Id.* at (a)(2). If the court is satisfied that "the perpetuation of the testimony may prevent a failure or delay of justice," the court can order perpetuation depositions upon written or oral examination. *Id.* at (a)(3).

There are a number of problems with the Petition in this matter. First, the Petition is verified, but only by Petitioners' attorney, not Petitioners themselves. While some of the information provided appears to have been in the knowledge of the attorney, the Rule contemplates verification by Petitioners, and there is no such verification.

Second, even if Petitioners could address the procedural issue, there is the far greater concern of personal jurisdiction. While the court may well have personal jurisdiction over Ford Motor Co., if, as alleged, the truck has been legally transferred to Ms. Mendez, then Ford Motor Co. has no authority to produce it for inspection at this point. There are no facts to suggest that the court would have personal jurisdiction over Ms. Mendez who is allegedly in possession of and has control of the truck.

Third, even if the procedural matter and jurisdiction concerns could be addressed, Petitioners do not seek merely inspection under Rule 27. Rather, they are in essence, seeking an

injunction to prevent Ms. Mendez (which the court again emphasizes is not subject to personal jurisdiction) from transferring a vehicle which she has (apparently) legally purchased.[1]

Fourth, even if Rule 27 contemplates the type of inspection under Federal Rule of Civil Procedure 34, this Rule is not, in fact, a discovery vehicle.[2] The Rule cannot be used for the purpose of enabling a person to find some ground for bringing suit or even to determine compliance with Rule 11. *See In re Petition of Ford*, 170 F.R.D. 504 (M.D.Ala.1997). Petitioners do not seek merely the preservation of evidence, i.e., the truck, and an injunction preventing its further transfer, but that their pre-suit expert be allowed to examine it. Thus, to the extent that Petitioners seek to use Rule 27 to conduct pre-suit discovery, such is not permitted. *See In Application of Eisenberg*, 654 F.2d 1107 (5th Cir.1981) ( "A person contemplating litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed.").

---

[1] The undersigned does not have authority to grant injunctive relief in any event, but, even if this matter could be transferred to the district judge, the lack of personal jurisdiction would be an insurmountable hurdle.

[2] The plain language of Rule 27 refers only to the perpetuation of testimony through depositions. However, the Rule has been read by some courts to include an inspection of things or evidence which would otherwise be lost. *See, e.g., General Motors v. Gunn*, 752 F. Supp. 729, 732 (N.D. Miss. 1990) ("Rule 27(a) creates a 'separate ancillary or auxiliary proceeding' to perpetuate testimony or inspect documents and things for use in an expected action cognizable in federal court."); *see also Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999) (under "extraordinary circumstances," the district court did not abuse its discretion by allowing Rule 27 inspection of a ship where an arbitration action was about to be filed, the petitioner sought to preserve evidence of the condition of a ship that was undergoing repairs, and the ship was soon scheduled to leave United States waters); *In re I-35W Bridge Collapse Site Inspection,* 243 F.R.D. 349, 351–52 (D. Minn. 2007) (finding that Rule 27(a)(3) was amended in 1948 to make clear that the rule also gives a court the authority to "make orders of the character provided for by Rules 34 and 35[,]" so "in theory" the court would have the authority to allow petitioners to inspect the site of a disaster, but the petition was denied for procedural and substantive reasons).

Therefore, for the foregoing reasons,

IT IS ORDERED that Petitioners' Petition for Perpetuation of Testimony of Custodian of Vehicle Under Federal Rule of Civil Procedure 27 is DENIED.

MONROE, LOUISIANA, this 3rd day of September, 2021.

                                            Kayla D. McClusky
                                        United States Magistrate Judge